UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| AMY L. EDMISTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 5:11-CV-029-BG |
| ) | ECF |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Amy L. Edmisten brings four arguments in this appeal of the Defendant's decision to deny her applications for disability insurance benefits and supplemental security income.

The undersigned has considered the administrative record, the arguments of the parties, and the applicable law and recommends that the district court affirm the Commissioner's decision.

**I.     The Commissioner's Decision**

An administrative law judge (ALJ) reviewed Edmisten's claim and found that she was not disabled at the fifth step of the sequential disability evaluation. In reaching his decision, the ALJ determined that Edmisten suffered from severe impairments, including degenerative disk disease, depression, and borderline personality disorder but that she did not have an impairment or combination of impairments that are listed in or equal to the listed impairments in the Commissioner's regulations. (Tr. 15.) The ALJ determined that, despite her impairments, Edmisten had the residual functional capacity (RFC) to perform light work with limitations. (Tr. 22.) Based on testimony from a vocational expert, he determined that Edmisten could perform the jobs of change booth cashier, office clerk, and packager and was therefore not disabled. (Tr. 23.)

## II.     Edmisten's First Argument

Edmisten cites Social Security Ruling 96-9p claiming that the ALJ failed to assess the frequency at which she would have to alternate between sitting and standing while at work. Edmisten's argument is without merit. The ALJ determined that Edmisten was limited to jobs in which she would be allowed to sit and stand at her option. (Tr. 21–22.) Further, Ruling 96-9p, which requires the ALJ to be specific as to the frequency of the claimant's need to alternate between sitting and standing, applies to cases in which the ALJ determines that the claimant has the RFC to perform less than a full range of sedentary work. SSR 96-9P, 1996 WL 374185 (July 2, 1996). The ALJ determined that Edmisten was capable of performing light work. (Tr. 21–22.) Ruling 96-9p is therefore inapplicable to this case. Moreover, the ALJ accommodated Edmisten's claim that she was unable to work because she could not sit through a full workday by limiting her to work that would allow her to alternate between sitting and standing. (Tr. 22, 35.)

## III.    Edmisten's Second Argument

Edmisten claims the ALJ failed to consider her subjective complaints. The ALJ must consider a claimant's testimony regarding subjective evidence of pain, and failure to do so is reversible error. *Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. 1981). Often referred to as the credibility determination, the analysis requires the ALJ to weigh the objective medical evidence and assign articulated reasons for discrediting the claimant's subjective complaints. *Abshire v. Bowen*, 848 F.2d 638, 642 (5th Cir. 1988) (citation omitted). The ALJ must "indicate the credibility choices made and the basis for those choices." *Scharlow*, 655 F.2d at 648–49; *see also* SSR 96-7p, 1996 WL 374186, at *4 (July 2, 1996) (The ALJ's decision must include findings that are "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."). In making a credibility determination,

the ALJ must consider (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, and side effects of any medication the claimant takes to alleviate his pain or other symptoms; (5) treatment, other than medication, the claimant may undergo or has undergone for relief of his pain or other symptoms; (6) any measure the claimant uses or has used to relieve pain or other symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions caused by pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (2012).

Contrary to Edmisten's contentions, the ALJ considered her subjective complaints. He devoted two pages of his decision to the issue and specifically addressed each of the factors set forth in the regulations and Edmisten's testimony as it related to each of the factors. (Tr. 20–21.) In addition, he considered Edmisten's treatment history, including the fact that she claimed she suffered disabling pain that prevented her from working beginning in May 2007 but did not seek any treatment until she began receiving prenatal care in January 2008. (Tr. 21, 162, 418 ); improvement in her symptoms with physical therapy (Tr. 21, 415); radiographic evidence that a disc bulge at L4–5 had "shrunk down" after the birth of her child (Tr. 16, 21, 454); and her reports that she worked twenty to thirty hours per week as a telephone operator on a consistent basis during the time she alleged disability (Tr. 34 (Edmisten testifying that she worked twenty hours per week); Tr. 284 (Edmisten reporting that she worked twenty to thirty hours per week); Tr. 315 (Edmisten reporting that she worked six hours per day).)

In regard to Edmisten's allegations of disabling mental impairments, the ALJ noted that Edmisten's symptoms of depression resolved when she took an antidepressant and that she did not meet the criteria for mental health treatment at Mental Health and Mental Retardation services.

3

(Tr. 16, 21, 269, 284, 286, 369, 387.) In addition, the ALJ noted that Edmisten had been "less than truthful" with various medical examiners, which he found to detract from her credibility. (Tr. 21.)

Other evidence supports the ALJ's decision that Edmisten's impairments were not disabling. Edmisten's activities of daily living indicate that she cares for her three children and is involved in such activities as taking her son to T-ball practice and taking her baby for short walks; shopping for groceries; walking at parks; playing bingo; watching television; and playing games on the computer. (Tr. 180–81, 334.)

Even in a case in which the evidence indicates a mixed record concerning a claimant's health problems and their limitations upon his ability to work, it is the ALJ's responsibility to weigh the evidence and determine the credibility of the claimant's allegations; the court is then charged with determining whether there is substantial evidence in the record as a whole to support the ALJ's determination. *Chambliss v. Massanari*, 269 F.3d 520, 522–23 (5th Cir. 2001). The ALJ's determination regarding Edmisten's credibility is supported by substantial evidence; the district court should therefore defer to his determination.

**IV.     Edmisten's Third Argument**

Edmisten claims the ALJ's determination that she is capable of performing the jobs of change booth cashier, office clerk, and packager is inconsistent with his RFC determination.

The ALJ incorporated Edmisten's demographic information and RFC into a hypothetical question and asked the vocational expert whether such an individual would be capable of performing any jobs in the national economy. (Tr. 50.) Specifically, the ALJ asked the vocational expert whether such a hypothetical individual could perform work in the national economy if she were limited to light work that could be performed with a moderate concentration deficit; that would

4

allow her the option to alternate between sitting and standing; and that did not involve climbing, crawling, kneeling, or squatting; and that involved only occasional stooping and crouching. (Tr. 22.) In response, the vocational expert testified that such a person could work as a change booth cashier, office clerk, and packager. (Tr. 50–51.)

The hypothetical question an ALJ poses to a vocational expert must reasonably incorporate the limitations the ALJ has recognized in his RFC finding. *Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001) (citing *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994)). In this case, the ALJ incorporated Edmisten's work experience and physical and mental limitations into the hypothetical question posed to the vocational expert, and the vocational expert, in response, identified jobs that Edmisten was capable of performing. Once the ALJ identifies work that the claimant can perform, the burden shifts to the claimant to show that he cannot do the identified work. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990) (citing *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987)). Thus, a plaintiff who disputes a finding that he is capable of performing jobs a vocational expert has identified must bring evidence contrary to the testimony of the vocational expert. *Perez v. Barnhart*, 415 F.3d 457, 464 (5th Cir. 2005).

Edmisten has not offered evidence contrary to the vocational expert's testimony. However, her attorney cross-examined the vocational expert regarding the concentration required in the identified jobs. (Tr. 51.) Edmisten's attorney asked the vocational expert whether a person with a concentration deficit that occurred 30 percent of the time could maintain employment. *Id*. The vocational expert testified that if a worker's concentration is "good 70 percent of the time, yes." (Tr. 52.) She explained that the jobs she identified involved "unskilled work at the best" and non-complex routine tasks and that lapses in concentration throughout the workday would not preclude

work in the jobs she identified. *Id*. Edmisten's attorney then asked whether a person could maintain work if she was unable to concentrate for twenty minutes out of an hour, and the vocational expert testified, "If they were doing nothing for 20 minutes out of every hour, every hour of the work day, they would not be able to maintain the job." (Tr. 53.)

The ALJ acknowledged the vocational expert's testimony but concluded that the record did not contain objective clinical findings to support a conclusion that Edmisten was unable to perform work for twenty minutes out of every hour. (Tr. 24.) The ALJ's conclusion is supported by substantial evidence. On an application form Edmisten indicated that her conditions did not affect her ability to concentrate. (Tr. 182.) In addition, an examining psychiatrist found that Edmisten was able to concentrate "fairly well," and a reviewing psychiatrist found that Edmisten experienced only moderate difficulties in maintaining concentration, persistence, and pace. (Tr. 286.) The ALJ accommodated Edmisten's limitations in concentration by limiting her to work that could be performed with a moderate concentration deficit. (Tr. 22.) The ALJ did not err.

## V.  **Edmisten's Fourth Argument**

In her final argument, Edmisten claims the ALJ failed to properly evaluate the combination of her impairments. She urges remand so that the Commissioner can consider both her physical and mental impairments and their combined effect on her ability to work.

The ALJ considered each of Edmisten's impairments, the combination of her impairments, and the effect that her impairments had on her ability to work. (Tr. 18–19.) Remand is not required on this point. *See Hajek v. Shalala*, 30 F.3d 89 (8th Cir. 1994) (rejecting the plaintiff's conclusory statement that the ALJ failed to consider the combined effects of impairments because the ALJ noted each impairment and concluded that the plaintiff's impairments, alone or in combination, were not

6

severe enough to meet a listing).

Edmisten also claims the ALJ erred because he did not find that her impairments met or equaled Listing 1.04, the listing for disorders of the spine. To meet the criteria of one of the impairments under this listing, the claimant must present medical findings that he has a disorder of the spine, such as spinal arachnoiditis, spinal stenosis, osteoarthritis, or degenerative disc disease that results in the compromise of a nerve root or the spinal cord. 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04. The claimant bears the burden of proving with medical evidence that his impairment(s) meet or equal each of the specified medical criteria of a listing. *Selders*, 914 F.2d at 619. Edmisten has not met this burden. She has not pointed to evidence of compromise of a nerve root or the spinal cord, and the evidence does not support such a finding. (Tr. 304, 454–55.) In fact, a radiologist noted that an MRI showed no focal disc protrusion and no nerve root compression. (Tr. 455.)

**VI.    Conclusion**

Judicial review of the Commissioner's denial of Social Security benefits is limited to two issues: (1) whether the Commissioner's final decision is supported by substantial evidence and (2) whether the Commissioner used proper legal standards to evaluate the evidence. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (citations omitted). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence that a reasonable mind might accept as adequate to support the Commissioner's decision. *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the ALJ's decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988). In this case, substantial evidence supports the ALJ's decision. It is therefore recommended that the United States District Court **AFFIRM** the Commissioner's decision

and **DISMISS** Edmisten's Complaint.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: March 6, 2012.

NANCY M. KOENIG
United States Magistrate Judge